| AUSA: | Diane Princ | Telephone: | (313) 226-9100 |
|---|---|---|---|
| Special Agent: | Paul Staso | Telephone: | (313) 965-2323 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

United States of America
  v.

Christopher Andre CRUMBLE

Case No.

Case: 2:21−mj−30554
Assigned To : Unassigned
Assign. Date : 11/19/2021
Description: CMP USA v. SEALED
MATTER (SO)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____October 11, 2021_____ in the county of _____Wayne_____ in the _____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Paul Staso - FBI
_____
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: ___November 19, 2021___

_____
*Judge's signature*

City and state: _Detroit, Michigan_

Honorable Jonathan J.C. Grey, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Paul J Staso, being first duly sworn, hereby depose and state as follows:

## Introduction and Background

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since March of 2020. I am currently assigned to the FBI Detroit Division Violent Crime Task Force ("VCTF"). As an FBI Special Agent, I have conducted or assisted in numerous investigations of federal and state violations, including crimes of violence and firearms.

2. The statements contained in this Affidavit are based on my experience and background as an FBI Special Agent and on information provided by police officers, other agents of the FBI, and other law enforcement personnel, as well as communications with others who have personal knowledge of the events and circumstances described herein.

3. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

4. I am currently investigating Christopher Andre CRUMBLE, date of birth xx/xx/1987, for violations of federal law, including felon in possession of firearms/ammunition, in violation of 18 U.S.C. § 922(g)(1).

1

5. I have conducted a computerized criminal history check (CCH) for

   CRUMBLE, which revealed that CRUMBLE was convicted of the

   following felony offense in the 3rd Circuit Court of Michigan in June 2019:

   - CONTROLLED SUBSTANCE-POSSESS (COCAINE, HEROIN OR

     ANOTHER NARCOTIC) LESS THAN 25 GRAMS (MCL

     333.74032A5 )

6. For the above-described conviction, CRUMBLE spent four months in prison

   in the Michigan Department of Corrections. Therefore, there is probable

   cause that CRUMBLE knew he was convicted of a felony offense

   punishable by more than one year of imprisonment prior to the following

   offense date of October 11, 2021.

### Probable Cause

7. On October 11, 2021, Michigan State Police (MSP) Troopers from the

   Metro South Post were on patrol in the city of Inkster, Michigan. Troopers

   observed a red Ford Explorer, bearing Michigan license plate EFRxxxx. A

   check of law enforcement databases returned that the registered owner of

   EFRxxxx was T. C., who had a suspended driver's license, and that the

   vehicle was driven in the absence of automobile insurance.

8. Using their fully marked patrol vehicle, MSP Troopers initiated a traffic stop

   of the vehicle. Troopers spoke with the driver, who identified himself as

T.C. and stated that he was the owner of the vehicle. A second Trooper

spoke with the lone passenger, who identified himself as Christopher Andre

CRUMBLE (Date of Birth XX/XX/1987) and was seated in the front

passenger seat.

9.  While asking T.C. for his driver's license, proof of insurance, and vehicle

registration, MSP Troopers noticed an empty black holster partially exposed

and sticking out from underneath the front driver's seat. MSP Troopers then

instructed T.C. and CRUMBLE to exit the vehicle.

10. MSP Troopers asked T.C. if there was anything in the vehicle they should

know about. T.C. responded, "No." MSP Troopers took T.C. back to the

vehicle and showed him the empty holster. T.C. then verbally consented to a

search of his vehicle.

11. While searching the front passenger's side of the vehicle, troopers noticed a

"bulge" under the floorboard carpet. Troopers pulled back the carpet,

exposing a black semi-automatic handgun. Troopers recovered the handgun,

which was a black Ruger SR40 .40 caliber firearm, loaded with one live

round of ammunition in the chamber. A photograph from the search,

including the recovered firearm, is depicted below:

3



12. CRUMBLE stated that he and T.C. had left the Valero gas station, located

on Middlebelt Road in Inkster, Michigan and were in route to T.C.'s sister's

house prior to being stopped. When troopers questioned CRUMBLE about

the firearm in the vehicle, he said it belonged to T.C. CRUMBLE said that

when he and T.C. arrived at the Valero gas station, T.C. became "nervous"

when he saw the Trooper's patrol car. According to CRUMBLE, T.C. took

the gun from his lap, handed it to CRUMBLE, and asked CRUMBLE to

hide in the passenger floorboard area. CRUMBLE said that he then hid the

firearm near the passenger floorboard area.

13. During a subsequent interview with MSP Detectives, CRUMBLE was read his *Miranda* rights and agreed to talk with law enforcement without a lawyer present. CRUMBLE again stated that the firearm police located in the vehicle did not belong to him, and that the driver, T.C., had handed it to him during the traffic stop and had told him where to stash it.

14. CRUMBLE further stated that his pink and white iPhone cellular telephone ("iPhone") would contain photographs he had taken of himself posturing with the same firearm taken earlier that day. He also said that his fingerprints would be on the recovered firearm.  CRUMBLE acknowledged that he is a convicted felon and is not allowed to be in possession of a firearm or ammunition. He also acknowledged knowing that T.C. is a convicted felon who carries guns at times.

15. During that same interview, CRUMBLE consented in writing to a brief manual review of his iPhone.  Detectives then reviewed CRUMBLE's iPhone and located photographs that depict CRUMBLE posturing with the recovered firearm, as well as a video of CRUMBLE with the firearm.

### Review of CRUMBLES Electronic Device

16. On October 29, 2021, law enforcement obtained a search warrant in the Eastern District of Michigan (2.21-mc-51317) to perform a forensic digital extraction of CRUMBLE'S iPhone. Located on the iPhone were numerous

photographs depicting CRUMBLE posturing with the recovered firearm,

along with a video of CRUMBLE pointing the gun at camera and uttering,

"armed robbery."

17. I have reviewed photographs from CRUMBLE'S iPhone, as well as

photographs taken of T.C.'s vehicle and of the firearm recovered in this

case, and I have noted several similarities in them.  For example, the color

and pattern of the seats and the color of the door jamb visible in the

photographs from CRUMBLE'S iPhone are consistent with the seats and

color of T.C.'s Ford Explorer. Therefore, I believe that photographs taken by

CRUMBLE were taken in the same vehicle he stopped in by MSP Troopers.

18. Furthermore, photographs of the firearm from CRUMBLE'S iPhone show

similar characteristics—including the grip, scratches, and marks on

firearm—to the firearm that was recovered in this case. Thus, I believe that

the firearm in the photographs on CRUMBLE'S iPhone is the same as the

one recovered in this case. In addition, CRUMBLE previously admitted in

an interview with MSP Detectives that he had postured with the recovered

firearm earlier on October 11, 2021. Photographs from CRUMBLE'S

iPhone are included below:





7



19.  On October 29, 2021, ATF Special Agent Joshua M. McLean, an expert in

the interstate nexus of firearms, advised me that based on information

provided by law enforcement for the referenced firearm that it is a firearm as

defined under 18 U.S.C. § 921 and was manufactured outside the state of

Michigan and therefore traveled in and affected interstate commerce.

## Conclusion

20. Based on the above information, probable cause exists to believe that

CRUMBLE, a previously convicted felon, knowing that he was previously

convicted of an offense punishable by more than one year of imprisonment,

knowingly possessed firearms, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
Paul J. Staso, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Jonathan J.C. Grey
United States Magistrate Judge

Date:  November 19, 2021

9